Brown & Altshuler, Beverly Hills, Cal., for plaintiffs.

Brian J. Kennedy, Los Angeles, Cal., for defendants.

**Agnes KENNEDY et al., Plaintiffs,**

v.

**GENERAL TRUCK DRIVERS, CHAUFFEURS & HELPERS, LOCAL UNION NO. 692 etc., et al., Defendants.**

**No. C 77–1325–AAH.**

United States District Court,
C. D. California.

Aug. 5, 1977.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above-captioned matter came on for hearing on July 25, 1977 before the Honorable A. Andrew Hauk, Judge of the above-entitled Court. The Court having considered the pleadings and other documents and having heard counsel for the respective parties, hereby finds the facts and states the conclusions of law as follows:

### FINDINGS OF FACT

1. Plaintiffs, Agnes Kennedy, Richard Codd, John Junk, Thomas Mazur, May Reader and Lewis Gunn, were employed by Defendant, General Truck Drivers, Chauffeurs & Helpers, Local Union No. 692 (hereinafter referred to as "LOCAL 692"), in the respective capacities of executive secretary to the Secretary-Treasurer, business agent, general office worker, custodian and dispatcher and were at all relevant times and are now members of Local 692.

2. The plaintiffs' employment was terminated during the month of January, 1977.

3. Plaintiffs brought suit in this Court charging that they were improperly terminated and naming as Defendants Local 692, Monte K. Ogden, Guy J. Lizotte, Jim Sandlin and La Vonne McGinty, officers of LOCAL 692 and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter referred to as the "International").

4. The International Constitution in Article XIX, Section 12(a) requires that all members who claim to be aggrieved exhaust all remedies provided for in said Constitution and by the International Union before resorting to any court, tribunal or agency against the International Union, any subordinate body or any officer or employee thereof; such requirement being recognized by Section 101(a)(4) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411(a)(4).

5. Under the International Constitution, charges may be brought by members pursuant to Article XIX, § 1, appeals may be taken pursuant to Article XIX, § 2, and all remedies to which plaintiffs could be entitled are provided for in Article XIX, § 9.

6. Plaintiffs failed to exhaust any internal union remedies before filing the instant action.

### CONCLUSIONS OF LAW

1. Plaintiffs failed to exhaust the reasonable hearing procedures that were available to them as members of LOCAL 692 in violation of the International Constitution, and as required under Section 101(a)(4) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411(a)(4).

2. Defendants are entitled to an order for summary judgment in their favor.

THEREFORE, an order for summary judgment will be issued in favor of defendants.